IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEPTUN LIGHT, INC., | )<br>)<br>) |
| *Plaintiff,* | )<br>) No. 19 CV 6865<br>) |
| v. | ) Judge Virginia M. Kendall<br>) |
| EDISON OPTO USA CORPORATION,<br>EDISON OPTO CORPORATION, | )<br>)<br>)<br>) |
| *Defendants.* | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Neptun Light, Inc. brings this suit against Edison Opto USA Corporation ("Edison USA") and Edison Opto Corporation ("Edison Opto Corp.") (together "Defendants") claiming that Neptun bought faulty products from Defendants. Pursuant to these allegations, Neptun brings a single claim for breach of implied warranty of merchantability under 810 ILCS 5/2-314. Defendant Edison USA has moved to dismiss Neptun's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Neptun has failed to state a claim under 810 ILCS 5/2-314 because Edison USA never sold any of the goods referenced in the Complaint and that the proper defendant is Edison Opto Corporation, which is based in Taiwan and has not been served.

For the reasons below, the Court grants Edison USA's motion to dismiss (Dkt. 10) without prejudice as to Edison USA. Neptun may amend their complaint

1

consistent with this Opinion, if possible, within 21 days of the publication of this Opinion.

## BACKGROUND

The following factual allegations are taken from Neptun's complaint (Dkt. 1) and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Defendant Edison Opto Corp. is a Taiwanese corporation that is headquartered in the Chung-Ho District of New Taipei City, Taiwan, and manufactures lighting products including high-powered LED lights. (Dkt. 1 ¶ 2). Defendant Edison USA is a California corporation headquartered in Ontario, California, is a subsidiary of Edison Opto Corp., and also offers high-powered LED lights. (Dkt. 1 ¶ 3). Between 2014 and 2018, Neptun submitted orders and purchased various lighting products from Defendants. (*Id.* ¶ 7). Neptun purchased $1,866,828.15 worth of products from Defendants for the purpose of installing them in its lighting fixtures, which it then sold to commercial buyers in Illinois and throughout the United States. (*Id.* ¶ 8-9). Less than eight months after Neptun bought Defendants' products, the products began to fail and Neptun began receiving customer complaints. (*Id.* ¶ 10). Neptun notified Defendants that their products were defective and conducted an internal analysis determining that Defendants were at least partially responsible for the LED failures, notifying Defendants of the company analysis on July 23, 2017. (*Id.* ¶ 13). Between 2014 and 2018, Neptun accepted and replaced hundreds of fixtures from its customers that included Defendants' alleged faulty LED products, costing Neptun

2

$961,060.75. (*Id.* ¶ 15). Neptun alleges that the LED units it purchased from Defendants should have had an unlimited usage life but the defective LED units that Neptun purchased from Defendants began failing in eight months or less. (*Id.* ¶ 16-17).

## **LEGAL STANDARD**

To overcome a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiffs' favor. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[w]hile a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation' of the elements of a cause of action' for her complaint to be considered adequate under [Rule] 8." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION**

Neptun alleges one count of Breach of Implied Warranty of Merchantability under 810 ILCS 5/2-314. (Dkt. 1 ¶¶ 18-23). Edison USA argues that Neptun's claim fails as it did not sell the allegedly defective LED lights but rather Edison Opto Corp., which is a separate corporation organized and operated under the laws of Taiwan, sold Neptun the defective products. (Dkt. 10 ¶ 1). Edison USA claims that it cannot be held liable for the alleged breach of the implied warranty of merchantability because Edison USA has never sold goods to Neptun, nor was it involved in distributing any of the goods referenced in the Complaint. (*Id.* ¶ 3).

### I. Implied Warranty Claims and Immediate Sellers

Neptun states in its complaint that Edison Opto Corp. is a Taiwanese corporation that is headquartered in the Chung-Ho District of New Taipei City, Taiwan, and that Edison USA is a California corporation and is a subsidiary of Edison Opto Corp. (Dkt. 1 ¶ 1, 3). Neptun alleges generally that defendants sold it the allegedly defective LED lights, but does not specify from which entity it directly purchased the lights. (*Id.* ¶ 7). Edison USA claims it did not sell any of the allegedly defective LED lights to Neptun and that it was the actions of its parent corporation, Edison Opto Corp., which operates independently. (Dkt. 10 ¶¶ 3-5). In order to bring a claim of breach of implied warranty of merchantability under 810 ILCS 5/2-314, a plaintiff must allege and prove: "(1) a sale of goods (2) by a merchant of those goods,

4

and (3) the goods were not of merchantable quality." *Scholle IPN Packaging, Inc. v. Valfilm, LLC*, 2019 WL 3555051, *8 (N.D. Ill. Aug. 5, 2019) (citing *Brandt v. Bos. Sci. Corp.*, 204 Ill. 2d 640, 645, 792 N.E.2d 296, 299 (Ill. 2003)). Additionally, under Illinois law, a claim for breach of implied warranty is a contract claim requiring privity of contract. *Manley v. Hain Celestial Group, Inc.*, 2019 WL 4750273, *5 (N.D. Ill. Sept. 30, 2019) (citing *Szajna v. General Motors Corp.*, 115 Ill.2d 294 (Ill. 1986)). Privity means that a plaintiff can only recover against his "immediate seller." *Baldwin v. Star Scientific, Inc.* 78 F.Supp.3d 724, 740 (N.D. Ill 2015).

Edison USA disputes that the privity requirement is met here. It claims that there is no privity of contract because Edison USA has never sold goods to Neptun, nor was it involved in the distribution of the LED lights. (Dkt. 10 ¶ 3; Dkt. 17 at 1). Neptun does not dispute that it purchased the goods from Edison Opto Corp. rather than Edison USA. Neptun instead alleges that "although the two have separate legal entities, they operate as one in the same," (Dkt. 14 at 1), and that "Edison USA and Edison [Opto Corp.] are functionally the same company." (*Id.* at 3.) To demonstrate that they are the same company, Neptune argues that California law should apply because "the choice-of-law provisions of the forum state dictate the appropriate substantive law" and that in the chosen forum state, Illinois, there is an "internal affairs" choice of law principle where "the substantive law of the state of incorporation governs." (*Id.* (citing *Keller Systems, Inc. v. Transport Intern. Pool, Inc.*, 172 F.Supp.2d 992, 999-1000 (N.D. Ill. 2001)). In this case, the substantive law of the state of incorporation is California.

5

However, the "internal affairs" choice-of-law provision Neptune cites only applies if there is a conflict of laws, of which none is alleged here. *See, e.g. Keller*, 172 F.Supp. at 997 (using the internal affairs choice-of-law provision where there was a conflict between parties about whether Pennsylvania law or Illinois law governed a dispute). Additionally, the internal affairs doctrine pertains to cases alleging impropriety of corporate governance, which is also not in dispute here. *See Bagdon v. Bridgestone/Firestone, Inc.,* 916 F.2d 379, 382–83 (7th Cir.1990); *Marvin H. Maurras Revocable Trust v. Bronfman*, 2013 WL 5348357, *14 (N.D. Ill. 2013).

In any event, even if this Court were to apply California law and use California's alter-ego test, Neptun could not meet the 12(b)(6) pleading standard and state a claim that is plausible on its face. As a first order of business, the alter-ego doctrine would not apply here as the doctrine is used "when the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose," whereas the allegations at issue here pertain to a breach of implied warranty. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). In order to apply the alter-ego test, there must be (1) "a unity of interest and ownership" between the two entities such that they do not really exist separately, and (2) "there must be an inequitable result if the acts in question" are attributable to one entity but not the other. *Id.* California courts look at a multi-factor test, including comingling of funds between the two entities, identical ownership, common offices, the same directors and officers, and use of one as a mere shell or conduit for the affairs of the other. *Id.*

Plaintiff has not alleged this in a manner sufficient to meet the 12(b)(6) standards. Nowhere does Neptun allege that there is any sort of overlap between Edison USA and Edison Opto Corp., besides pointing to three marketing materials wherein Neptun alleges that Edison USA holds itself out as part of Edison Opto. Corp. and therefore "the entities are one in the same." (Dkt. 14 at 4). Whether advertising materials confuse the reasonable consumer is not a factor in the California test, and Neptun does not plead any facts showing that there is any sort of commingling between Edison USA and Edison Opto Corp. sufficient to state a claim. Edison USA, for its part, states that the two companies are "maintained and exist separately, with separate offices, officers, employees, customers, and accounts." (Dkt. 17 at 3). Without the proper law and without more facts, Neptun cannot make out a claim sufficient to overcome 12(b)(6) standards.

## CONCLUSION

Because Neptun has not sufficiently alleged that it was in privity with Edison USA so as to state a claim for breach of implied warranty against them, the Court grants Edison USA's (Dkt. 10) motion to dismiss without prejudice. Neptun may amend their complaint consistent with this Opinion, if possible, within 21 days of the publication of this Opinion.

_____
Virginia M. Kendall
United States District Judge

Date: March 4, 2020